Filed 1/9/25  P. v. Merrill CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C099569 |
| Plaintiff and Respondent, | (Super. Ct. No. 62178605) |
| v. | |
| CHRISTOPHER MATTHEW MERRILL, | |
| Defendant and Appellant. | |

A jury convicted defendant Christopher Matthew Merrill of two counts of child molestation with a prior conviction (Pen. Code, § 647.6, subd. (c)(2))[1] and one count of exhibiting harmful material to a minor (§ 288.2, subd. (a)(2)).  In a bench trial, the court found true Merrill's prior convictions for child molestation in 2009 and 2017, as well as

---

[1] Undesignated statutory references are to the Penal Code.

1

multiple aggravating circumstances under California Rules of Court, rule 4.421.[2]  The trial court sentenced Merrill to an aggregate term of seven years four months in state prison.

On appeal, Merrill contends the trial court abused its discretion by denying a 60-day continuance for retained counsel to prepare for trial.  Merrill also contends the court erred in failing to sentence him to the lower term under section 1170, subdivision (b)(6), enacted by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) (Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022).  We will affirm.

BACKGROUND

In July 2020, 12-year-old J.K. met Merrill, who was in his 30's, at a local park. J.K. and Merrill exchanged text messages about relationships and girls.  In a message sent in mid-November 2020, Merrill referred to J.K. as his "sugar baby" and wrote, "Love you more than you will ever know."  J.K. and Merrill arranged to meet at J.K.'s grandmother's house, where J.K. planned to sneak outside and give Merrill a hug.  J.K. met Merrill about "three or four" times.  Merrill once made a sexual advance towards J.K.

On the night of November 18, 2020, J.K.'s mother caught him sneaking out of the house on his bicycle.  J.K. claimed he was meeting a friend.  Upon checking his cell phone, J.K.'s mother discovered a text message J.K. had sent to Merrill stating, "got caught sneaking outside."  Unfamiliar with Merrill's name as one of J.K.'s friends, she searched the Megan's Law website for individuals in the area near the park, found Merrill's name and photograph, and reported the messages to the police.

J.K. was interviewed by a police detective, and a search of Merrill's residence ensued.  During the search, Merrill admitted to meeting J.K. in the park and

---

[2]  Undesignated rule references are to the California Rules of Court.

acknowledged being aware of J.K.'s age. Police recovered a cell phone belonging to Merrill's roommate, who stated that Merrill often used the phone to access social media. The phone contained conversations between Merrill and another minor, E.V., from September 2020. E.V. was 17 years old. Merrill discussed his preferred penis size and disclosed that he had been in trouble for speaking to a 12-year-old boy in a sexual manner. Merrill and E.V. arranged a video call using Merrill's roommate's phone. During the call, E.V. and Merrill engaged in "mutual masturbation." Merrill denied to police that he had used his roommate's phone to communicate with E.V. on social media.

In January 2023, a first amended information charged Merrill with three crimes: two counts of child molestation with prior convictions from 2009 and 2017 (§ 647.6, subd. (c)(2); counts one & two) and one count of exhibiting harmful material to a minor (§ 288.2, subd. (a)(2); count three). The information also alleged seven aggravating circumstances under rule 4.421: the victims were particularly vulnerable (rule 4.421(a)(3)); the manner in which the crimes were carried out indicated planning, sophistication, or professionalism (rule 4.421(a)(8)); Merrill took advantage of a position of trust (rule 4.421(a)(11)); Merrill's prior convictions as an adult were numerous or increasingly serious (rule 4.421(b)(2)); Merrill had served a prior prison term (rule 4.421(b)(3)); Merrill was on parole at the time of the crimes (rule 4.421(b)(4)); and Merrill's performance on parole was unsatisfactory (rule 4.421(b)(5)).

In March 2023, the jury found Merrill guilty on all counts. Merrill waived a jury trial on the prior convictions and aggravating circumstances. The trial court found both prior convictions true.[3] Additionally, the trial court found the aggravating circumstances

---

[3] The trial court also permitted the prosecution to present evidence under Evidence Code section 1108 of Merrill's prior convictions for possession of child pornography (§ 311.11, subd. (a)) in 2008 and child molestation (§ 647.6, subd. (c)(1)) in 2009.

3

under rule 4.421(a)(8), (b)(2), (3), (4), (5) true as to all three counts and the circumstances under rule 4.421(a)(3), (11) true as to count one.

In September 2023, the trial court sentenced Merrill to the upper term of six years on count one, one year four months (one-third the middle term) on count two, and the middle term of two years on count three, which was stayed under section 654, resulting in an aggregate sentence of seven years four months in state prison. Merrill timely appealed.

DISCUSSION

I

*Denial of Continuance*

Merrill contends that the trial court abused its discretion when it permitted a law firm to substitute in as his retained counsel but denied counsel a 60-day continuance to prepare for trial. We find no abuse of discretion.

A.      *Procedural Background*

In April 2021, the People filed the initial felony complaint. Merrill was first represented by a retained attorney who requested to be relieved, and then briefly by the public defender. In June 2021, a different and newly retained counsel, Julia Young, substituted in for the public defender. In September 2022, the case was set for trial assignment on January 6, 2023, with the jury trial scheduled to begin on January 9, 2023.

On January 3, 2023, defense counsel Young filed a motion for continuance based on a conflict with a civil trial also set for January 9, 2023. The trial court heard the motion the next day. Defense counsel argued that she would not be ready to try the case until March 27, 2023, explaining that she had met with Merrill for four hours on December 27 to discuss the case, and there were numerous issues Merrill wished for her to investigate, which she had not been able to pursue due to her schedule. The People opposed the motion, arguing that defense counsel selected the January 9 trial date and that a criminal case involving minor victims takes precedence over a civil case. Defense

4

counsel further argued that Merrill was facing a lengthy sentence and it was essential for her to be fully prepared. The trial court found good cause to continue the trial and, after conferring with defense counsel, set the case for trial on February 27, with an interim date of February 1. The trial court admonished counsel to be prepared to proceed to trial on the morning of February 27.

On February 1, 2023, yet another attorney, Stacey Madsen, appeared on behalf of attorney Marion Titus, who was representing Merrill in a different matter. Attorney Madsen stated that she was asked to appear "as a friend of the court" to request a continuance, explaining that prior counsel, Julia Young, was no longer retained, and Titus's firm had been hired. She further explained that the new firm needed time to review discovery in this matter. Attorney Madsen offered to file a written motion, which the court indicated would be necessary in the event of an objection. The court denied Madsen's oral request for a continuance and advised that the next court date was February 24 for trial assignment.

On February 15, 2023, the People filed an opposition to the motion to continue the trial. The People argued that defense counsel had presumably received all the discovery previously provided to prior counsel. The case had been filed in 2021 and had been set for trial since October 2022. The case had already been continued over the People's objection, and the People objected to a further continuance, noting that the victims were minors and that the People were not waiving time.

On February 16, 2023, attorney Titus filed a motion for continuance, stating that she had been assigned the case within her firm the previous week and needed additional time to review discovery, confirm whether all discovery had been received, and review it with Merrill. The next day, she filed another motion for continuance to review discovery, claiming that she received 7.38 gigabytes of discovery on February 14.

5

On February 24, 2023, a different judge from the one who set the trial date heard the motion to continue. The judge was initially under the impression that the case was scheduled for trial that day. Attorney Titus argued that her firm was retained on February 1 and the People disclosed approximately 15,000 pages of discovery on February 14. She stated that it was impossible to review the discovery and be ready for trial by the scheduled date. The People responded that only 991 pages of discovery had been provided, 800 pages of which consisted of prior cases, and all of the discovery had been provided to prior counsel in October 2022. The People further argued that newly retained counsel should not have accepted the case knowing the trial date and that Merrill had already been represented by multiple defense attorneys. The People accused Merrill of attempting to delay the trial. The attorney acknowledged she might have been mistaken about the volume of discovery but argued that 900 pages was still too much to prepare for trial. The trial court denied the continuance, stating that newly retained counsel took the case knowing the trial dates and that a change of counsel did not automatically warrant a trial postponement. The trial court assigned the case for trial on February 28.

On February 28, 2023, yet another attorney and principal of the firm, Mario Tafur, filed a motion for a continuance, stating that Merrill did not wish for attorney Titus to represent him but that another attorney from the same firm was ready and acceptable to Merrill. The same day, the People filed an opposition, arguing that Merrill was attempting to avoid trial by continually substituting counsel. The trial court heard the motion that day. The attorney argued that due to a breakdown in communication and trust with the previous attorney, Merrill sought a continuance until May 16. The attorney stated that the previous attorney had failed to prepare the case and proposed that another attorney take over. The trial court ordered that the previous attorney, Marion Titus, not the firm, remained counsel of record and needed to appear to state whether she was ready to proceed. After a brief recess, attorney Titus appeared and stated she was not ready, in

6

part due to the large amount of discovery. The trial court granted a one-week continuance until March 7.

On March 2, 2023, attorney Titus filed a motion to continue the trial, stating that Merrill had a heart complication and was hospitalized. Merrill's mother provided a declaration stating that on February 28, Merrill came home from court, believed he was experiencing recurrent atrial fibrillation, called for an ambulance, and was transported to the hospital. As of March 1, Merrill's mother did not know when he would be released.

On March 6, 2023, another attorney filed a supplemental motion to continue the trial for 60 days, explaining that defense counsel substituted in five weeks prior, had not had adequate time to review over 1,000 pages of discovery, investigate the case, or interview witnesses. The attorney also noted that the People planned to introduce evidence of Merrill's prior charged acts and convictions.

On March 7, 2023, the trial court heard the motion to continue. The attorney appeared and argued that she was not ready to proceed. The trial court noted that attorney Titus remained counsel of record and had been ordered to appear that day. The court stated attorney Titus needed to be present and was not relieved. The trial court denied the requested continuance.

B.     *Legal Background*

The right to a continuance to allow newly retained counsel to prepare for trial is not absolute. (*People v. Courts* (1985) 37 Cal.3d 784, 790-791 (*Courts*).) Section 1050, subdivision (a), requires that criminal cases be heard and determined "at the earliest possible time." In furtherance of this objective, a trial court can grant a continuance only on a showing of good cause. (*Id.*, subd. (e); see also rule 4.113 [requiring moving party to present "affirmative proof in open court that the ends of justice require [the] continuance"].)

"Generally, the granting of a continuance is within the discretion of the trial court." (*Courts*, *supra*, 37 Cal.3d at p. 790; *People v. Jeffers* (1987) 188 Cal.App.3d 840,

7

850.) "[T]rial courts should accommodate such requests—when they are linked to an assertion of the right to retained counsel—'to the fullest extent consistent with effective judicial administration.' " (*Courts*, at p. 791.) However, "[a] continuance may be denied if the accused is 'unjustifiably dilatory' in obtaining counsel, or 'if he arbitrarily chooses to substitute counsel at the time of trial.' " (*Id.* at pp. 790-791.)

"The party challenging a ruling on a continuance bears the burden of establishing an abuse of discretion, and an order denying a continuance is seldom successfully attacked." (*People v. Beames* (2007) 40 Cal.4th 907, 920.) "[D]iscretion is abused only when the court exceeds the bounds of reason, all circumstances being considered." (*Ibid.*) "Although 'a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality[,] . . . [t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.' " (*Id.* at p. 921.) In deciding whether the denial of a continuance was so arbitrary as to violate due process, the reviewing court looks to the circumstances of each case, " ' "particularly in the reasons presented to the trial judge at the time the request [was] denied." ' " (*Courts*, *supra*, 37 Cal.3d at p. 791.)

C. *Analysis*

Merrill presumes that the trial court permitted new counsel to become counsel of record, but the trial court made it clear that attorney Marion Titus remained counsel of record, having been granted a continuance and ordered to appear for trial on March 7. We conclude that the trial court acted within its discretion in requiring attorney Titus to represent Merrill and denying a further continuance, given the rotating roster of attorneys presenting a shifting array of reasons for a continuance.

When attorney Madsen initially appeared for attorney Titus on February 1, requesting a continuance, the case was set for trial on February 27, a date previously agreed upon by prior counsel. Merrill retained new counsel, fully aware of the trial date and without any assurance that a further continuance would be granted. Counsel sought

8

continuances on multiple occasions, including February 1, February 16, 17, 28, and March 6, citing insufficient time to review discovery and prepare for trial. Despite having five weeks from February 1 to review discovery and prepare, counsel instead sought additional continuances, including one on the day of trial (*People v. Jeffers*, *supra*, 188 Cal.App.3d at p. 850 ["Where a continuance is requested on the day of trial, the lateness of the request may be a significant factor justifying denial absent compelling circumstances to the contrary"]; *Courts*, *supra*, 37 Cal.3d at p. 792, fn. 4), even after the court had already granted multiple continuances (see *People v. Blake* (1980) 105 Cal.App.3d 619, 624 [additional continuance denied where the defendant already "was granted several continuances"]; see also *People v. Reaves* (1974) 42 Cal.App.3d 852, 856). On February 28, the principal of the firm, attorney Tafur, filed a motion for continuance, claiming Merrill did not approve of prior counsel and admitting that prior counsel had failed to prepare the case, but proposing new counsel as an alternative. Nonetheless, prior counsel then filed another motion on March 2, citing Merrill's heart condition and hospitalization as reasons for the delay.

Lastly, we note that on March 7, the day trial was scheduled to begin, the People confirmed that 13 witnesses, including the victims, were ready to proceed, with arrangements having been made for one victim to be picked up from another city to attend the trial, and the trial court stated that a jury was scheduled to arrive at 1:00 p.m. (Cf. *Courts*, *supra*, 37 Cal.3d at pp. 794-795 [continuance should have been granted where there was no showing that a continuance would have inconvenienced jurors or witnesses].)

On this record, we do not conclude that the trial court abused its discretion by denying Merrill's motion for a 60-day continuance on the day of trial.

9

## II

### *Senate Bill 567*

Merrill contends that, after his mother presented evidence that he had previously been molested by a teacher and the molestation contributed to the current offense, the trial court erred in failing to impose the lower term under section 1170, subdivision (b)(6)(A) without making a finding that aggravating circumstances outweighed mitigating circumstances.

Section 1170, subdivision (b)(6), enacted by Senate Bill 567, provides that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense . . . ." Merrill maintains the applicable mitigating factor enumerated in the statute is: "(A) The person has experienced psychological, physical, or childhood trauma, including but not limited to, abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6)(A).)

At the sentencing hearing, Merrill's mother explained, "We would not be here today had it not been for a schoolteacher molesting [Merrill] for a period of over two years . . . ." She stated that Merrill developed questionable behaviors after being mentored by a teacher in sixth grade. Years later, after Merrill turned 18, moved into an apartment arranged by the teacher, and was arrested, he admitted to being molested. He recorded conversations with the teacher in which the teacher admitted to the misconduct, leading to the teacher's arrest and prosecution.

The probation report included Merrill's account of being molested by a teacher. As a mitigating factor, the report stated: "The defendant experienced childhood trauma, including sexual abuse, which appears to have been a factor in the commission of the defendant's crime." (Rule 4.423(b)(3).)

At sentencing, the trial court stated that it had considered the factors in aggravation and mitigation. Designating count one, charging molestation of J.K., as the principal term, the court noted that it had considered all seven aggravating factors found true. The court also acknowledged mitigating factors, finding that Merrill "was a victim of abuse as a child and as a young teenager," based on his statement to the probation department and statements made during the hearing. Additionally, the court recognized that Merrill "suffers from mental health difficulties and is currently taking medication for these problems."

The trial court did not address or reference section 1170, subdivision (b)(6) during sentencing, nor was it mentioned by defense counsel or the People.[4] Because defense counsel neither objected nor advised the trial court of its omission, Merrill has forfeited this issue on appeal. It is well established that "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356; see *People v. Wall* (2017) 3 Cal.5th 1048, 1075 ["[A] defendant forfeits on appeal any 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' in the absence of objection below"].) This rule is particularly applicable where, as here, section 1170, subdivision (c) requires the court to state the reasons for sentence choice at the time of sentencing. (§ 1170, subd. (c) ["The court shall state the reasons for its sentence choice on the record at the time of sentencing"]; *People v. Powell* (2011) 194 Cal.App.4th 1268, 1297.)

Anticipating forfeiture, Merrill argues that defense counsel rendered ineffective assistance in failing to alert the trial court to the language in section 1170, subdivision

---

[4] The prosecution's sentencing brief references section 1170 as the statute governing sentencing but does not address section 1170, subdivision (b)(6), and asserts that there are no mitigating circumstances. Defense counsel did not file a sentencing brief.

(b)(6). To establish ineffective assistance, the defendant must show: (1) counsel's performance was unreasonable under prevailing professional norms; and (2) a reasonable probability of a more favorable result but for counsel's performance. (*People v. Alvarado* (2001) 87 Cal.App.4th 178, 194.) A reasonable probability is one that undermines confidence in the outcome. (*Ibid.*)

Here, the trial court identified several aggravating factors in sentencing Merrill on count one. These included the victim's particular vulnerability (a 12-year-old living at home with his parents), the crime's planned nature (Merrill arranged to meet the victim late at night at a park to avoid detection, and the victim messaged Merrill after being caught sneaking out), and Merrill's use of a position of trust and confidence to commit the offense (the victim viewed Merrill as someone older he could confide in about personal issues, such as relationship problems). The court also noted Merrill's numerous and increasingly serious convictions, his prior prison term, and the fact that he was on parole at the time of these offenses. (Rule 4.421(a)(3), (8), (11), (b)(2), (3), (4), (5).) On this record, we see no prejudice. It appears that the trial court, if reminded to do so, would have determined that the multiple aggravating factors outweighed any mitigating factor under section 1170, subdivision (b)(6), such that the interests of justice were served by imposing something other than the low term sentence. In fact, the trial court effectively performed a similar analysis when it weighed the aggravating factors listed in rule 4.421(a) and (b) against the mitigating factor in rule 4.423(b)(3) while imposing the upper term on count one. The court specifically noted in mitigation that Merrill was a victim of child abuse and suffers from mental health difficulties. (Rule 4.423(b)(3).) The trial court stated that it had evaluated all aggravating and mitigating factors in selecting the upper term on count one. There is not a reasonable probability that, had the trial court expressly considered section 1170, subdivision (b)(6), it would not have again determined that the aggravating factors outweighed the mitigating factors such that imposition of the

upper term was in the interests of justice.  Accordingly, we reject Merrill's claim of ineffective assistance of counsel.

DISPOSITION

The judgment is affirmed.


/s/
BOULWARE EURIE, J.


We concur:


/s/
DUARTE, Acting P. J.


/s/
FEINBERG, J.


13